IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOHN M. WYATT, | § | |
| Reg. No. 04900-051, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | |
| | § | EP-15-CV-28-PRM |
| RACHEL CHAPA, WARDEN, | § | |
| BUREAU OF PRISONS, and | § | |
| U.S. DEPARTMENT OF | § | |
| JUSTICE, | § | |
|     Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

In a sixth petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241,[1] Petitioner John M. Wyatt, a prisoner currently incarcerated at the La Tuna Federal Correctional Institution in Anthony, Texas,[2] claims the Bureau of Prisons erred when it denied his

---

[1] *See Wyatt v. Warden, Fed. Bureau of Prisons*, No. EP-12-CV-470-KC, 2012 WL 6569363 (W.D. Tex. May 12, 2011), *aff'd*, 538 F. App'x 390 (5th Cir. 2013); *Wyatt v. Bragg*, No. EP-11-CV-187-KC, 2011 WL 1839057 (W.D. Tex. May 12, 2011), *appeal dismissed*, 457 F. App'x 443 (5th Cir. 2012); *Wyatt v. Bragg*, No. EP-10-CV-237-DB (W.D. Tex. June 24, 2010), *appeal dismissed*, 422 F. App'x 352 (5th Cir. 2011); *Wyatt v. Bragg*, No. EP-09-CV-204-FM (W.D. Tex. June 4, 2009); *Wyatt v. Bragg*, No. EP-09-CV-71-DB, 2009 WL 8651432 (W.D. Tex. Mar. 4, 2009).

[2] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. *See* 28 U.S.C. § 124(d)(3).

request for administrative relief from his 262-month sentence. He argues that "the Bureau of Prison's . . . execution of [his] detention is unjust."[3] After reviewing the record, and for the reasons discussed below, the Court concludes that Wyatt is not entitled to relief and that his petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Pursuant to a conditional plea agreement, Wyatt pleaded guilty in the United States District Court for the Southern District of Illinois to possessing with the intent to distribute over 100 kilograms of marijuana.[4] Under the terms of the plea agreement, Wyatt reserved the right to challenge on appeal the trial court's denial of his motion to suppress evidence seized during a search of his vehicle. Based in part on Wyatt's prior conviction for the felony offense of escape from a halfway house, the trial court determined that he was a career offender as defined in Sentencing Guideline § 4B1.1,[5] and sentenced him to 262

---

[3] Pet. 1, ECF No. 1, Feb. 9, 2015.

[4] *United States v. Wyatt*, No. 3:02-CR-30060-DRH (S.D. Ill. Aug. 31, 2004), *aff'd*, 133 F. App'x 310 (7th Cir. 2005).

[5] U.S. Sentencing Guidelines Manual § 4B1.1(a) (2003) ("A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of

months' imprisonment. The Court of Appeals for the Seventh Circuit affirmed Wyatt's conviction and sentence.

In his first petition for a writ of habeas corpus, *Bragg*, No. EP-09-CV-71-DB, Wyatt argued that his sentence should be reduced because—based on the Supreme Court's opinions in *Begay v. United States*[6] and *Chambers v. United States*[7]—he did not qualify as a career offender for purposes of sentencing. In his second petition, *Bragg*, No. EP-09-CV-204-FM, Wyatt asserted that his conviction should be vacated because—based on the Supreme Court's decision in *Arizona v. Gant*[8]—a narcotics officer improperly searched his vehicle. In his third petition, *Bragg*, No. EP-10-CV-237-DB, Wyatt maintained that his sentence should be reduced because the trial court erred when it determined that he was a career offender, as his prior escape conviction (walking away from a halfway house) did not constitute a crime of

---

conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.").

[6] 553 U.S. 137, 148 (2008).

[7] 555 U.S. 122, 130 (2009).

[8] 556 U.S. 332, 351 (2009).

violence as the term is used in Sentencing Guideline § 4B1.1(a). In his fourth petition, *Bragg*, No. EP-11-CV-187-KC, Wyatt asserted that his conviction should be vacated because he was not indicted for an offense violating an "Act of Congress," and thus the sentencing court lacked subject-matter jurisdiction to hear the complaint against him. In his fifth petition, *Warden*, No. EP-12-CV-470-KC, Wyatt attacked the "manner in which his sentence [was] being executed" because, according to Wyatt, his sentence was void:

> [A] prior conviction for a walkaway escape from a halfway house cannot qualify as a felony for the career-offender adjustment in light of the U.S. Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009), and therefore, his sentence is now void under these decisions. More importantly, Petitioner has satisfied the *Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001) factors and the "savings clause" of 28 U.S.C. § 2255(e).[9]

The Court transferred the first three petitions to the Court of Appeals for the Seventh Circuit for further proceedings. The Court dismissed the fourth and fifth petitions. Courts in neither circuit have granted Wyatt relief on his claims. In an opinion affirming the

---

[9] Pet. 4, ECF No. 1, No. EP-12-CV-470-KC, Nov. 26, 2012.

-4-

dismissal of Wyatt's fifth petition, the Court of Appeals for the Fifth Circuit explained that "[b]ecause he challenge[d] the validity of the sentence imposed by the sentencing court, and not the manner in which it is being administered, . . . Wyatt's petition should have been filed under § 2255."[10]

Mindful of Wyatt's *pro se* status,[11] the Court understands him to claim in his instant petition that "the Bureau of Prison's . . . execution of [his] detention is unjust."[12]  He notes that "[o]n March 6, 2012 the U.S. Court of Appeals for the Seventh Circuit issued a ruling . . . that addressed an 'erroneously' enhanced 262 month term of custody, resulting from [him] being wrongly designated as a 'violent offender.'"[13] Wyatt argues that the Bureau of Prisons erred when, after being advised of the Seventh Circuit's opinion, it denied his administrative request to reduce his sentence.  He consequently asks the Court to

---

[10] *Warden*, 538 F. App'x at 390.

[11] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers).

[12] Pet. 1.

[13] *Id.* (citing *United States v. Wyatt*, 672 F.3d 519, 519–20 (7th Cir. 2012)).

intervene on his behalf and grant him any relief it "deems appropriate to make [him] whole again."[14]

## APPLICABLE LAW

A sentenced prisoner may file a petition pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus to challenge "the manner in which a sentence is carried out or the prison authorities' determination of its duration."[15] A § 2241 petitioner may make this attack only in the district court that possesses jurisdiction over his custodian.[16] The primary means of attacking collaterally a federal sentence is a motion to vacate, set aside, or correct a sentence, pursuant to 28 U.S.C. § 2255.[17] A § 2255 movant may only bring such a motion in the district where he or she was convicted and sentenced.[18]

Section 2255 contains a "savings clause," which acts as a limited

---

[14] *Id.* at 9.

[15] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[16] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[17] *See* 28 U.S.C. § 2255.

[18] *See Pack*, 218 F.3d at 451.

Case 3:15-cv-00028-PRM Document 3 Filed 02/27/15 Page 7 of 13

exception to the general rules outlined above.[19] The savings clause permits a federal court to consider a petition filed pursuant to § 2241 that challenges a federally-imposed sentence when the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective."[20] According to Fifth Circuit precedent, a petitioner satisfies this stringent "inadequate or ineffective" requirement if his claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been *convicted of a nonexistent offense*," and the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."[21]

## ANALYSIS

In the instant case, Wyatt claims that he is challenging the

---

[19] *See* § 2255(e) ("An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" (emphasis added)).

[20] *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

[21] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001) (emphasis added).

-7-

execution of his sentence by the Bureau of Prisons.[22] He argues that the Bureau of Prisons erred when, after being advised of the Seventh Circuit's opinion that the trial court erroneously enhanced his sentence, it denied his administrative request to reduce his sentence.[23] He suggests that the Bureau of Prisons should have filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582.[24]

In reality, however, Wyatt challenges the 262-month sentence imposed by the Illinois District Court after he pleaded guilty to possessing marijuana, and not the *execution* of his sentence.[25] The record demonstrates that the trial court enhanced Wyatt's punishment after it determined, based in part on his prior conviction for a walkaway escape from a halfway house, that he was a career offender.

---

[22] Pet. 1.

[23] *Id.* at 2.

[24] *See* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . .").

[25] *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order . . . to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis . . . ." (citations omitted)).

The Seventh Circuit, in a subsequent challenge to Wyatt's conviction, explained that the trial court acted properly and in accordance with then-existing law.

> The district court that sentenced him concluded that he was a career offender under section 4B1.1 of the Sentencing Guidelines, based, in part, on an erroneous assumption that it should treat his prior conviction for a walkaway escape from a halfway house as a qualifying felony for the career-offender adjustment. The court did not make this assumption without cause; that was the law of [the Seventh Circuit] at the time.[26]

The court then suggested that today "a defendant in Wyatt's circumstances could well be entitled to relief under section 2241 if he were incarcerated in the Seventh Circuit."[27] In a separate case, the Seventh Circuit conceded that the same result would not occur for a

---

[26] *Wyatt*, 672 F.3d at 519–20.

[27] *Id* at 524. *See also Brown v. Caraway*, 719 F.3d 583, 588 (7th Cir. 2013) ("For a prisoner serving a sentence imposed when the guidelines were mandatory, a § 2241 habeas petition raising a guidelines error 'tests the legality of his detention' within the meaning of the savings clause, § 2255(e), because the guidelines had the force and effect of law; the only lawful sentence was a guidelines sentence. Accordingly, provided that the other [*In re*] *Davenport*[, 147 F.3d 605 (7th Cir. 1998),] conditions are present, we conclude that a petitioner may utilize the savings clause to challenge the misapplication of the career offender Guideline, at least where, as here, the defendant was sentenced in the pre-[*United States v.*] *Booker*[, 543 U.S. 220 (2005)] era.").

prisoner incarcerated in the Fifth Circuit.

> The Fifth Circuit has . . . disallowed federal prisoners from pursuing relief under the savings clause when they challenge only their status as career offenders, reasoning that the savings clause is available only to prisoners asserting actual innocence (i.e., that they were convicted of a nonexistent crime).[28]

The Seventh Circuit added that because "Wyatt is caught in a procedural mess,"[29] the judiciary simply cannot resolve his claim.

> Wyatt would not be sentenced as a career offender today and likely would receive a substantially lower sentence; the taxpayer is footing the bill to keep Wyatt in prison far longer than Congress or the Sentencing Commission intended, but there is no longer any judicial procedure to remedy the situation. At this point, only the executive branch has the authority to grant Wyatt the relief he seeks.[30]

## CONCLUSION AND ORDERS

Wyatt is caught in the "procedural mess" to which the Seventh Circuit alluded because he remains incarcerated in the Fifth Circuit, and thus Fifth Circuit precedent is binding on this Court.[31] The Fifth

---

[28] *Brown*, 719 F.3d at 588.

[29] *Wyatt*, 672 F.3d at 519.

[30] *Id.* at 525.

[31] *Searcy v. Young*, 489 F. App'x 808, 810 n.2 (5th Cir. 2012) (per curiam) ("We also reject Searcy's argument based upon 11th Circuit

Circuit consistently disallows claims similar to those raised by Wyatt.[32]
According to Fifth Circuit precedent, "[a] claim of actual innocence of a career-offender enhancement is not a claim of actual innocence of the

---

precedent. First, he cites no authority for the proposition that we must apply the law of the circuit in which the conviction occurred to the § 2241 question. Second, the 11th Circuit has made clear that § 2241 cannot be used to address alleged sentencing errors that result in a sentence within the statutory maximum." (citing *Gilbert v. United States*, 640 F.3d 1293, 1312 (11th Cir. 2011) (en banc) (agreeing with the 5th Circuit and other circuits))); *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) ("Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255. Because Padilla is incarcerated in Anthony, Texas, which is in the Western District of Texas, the district court was the appropriate court to entertain his petition pursuant to § 2241 and was the appropriate court to make the savings-clause determination." (citations omitted)).

[32] *See, e.g., Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011) ("[T]his Court has held that a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."); *Padilla*, 416 F.3d at 427 ("[B]ecause Padilla does not attack his conviction and his claims challenge only the validity of his sentence, Padilla's § 2241 petition does not fall within the savings clause of § 2255 and the district court properly dismissed Padilla's § 2241 petition."); *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000) ("Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense. In contrast, Kinder argues that . . . his conviction of conspiracy cannot support application of the Guidelines' career offender provisions. He makes no assertion that he is innocent of the crime for which he was convicted.").

crime of conviction and, thus, not the type of claim warranting review under § 2241."[33] As the Seventh Circuit astutely points out, "[a]s matters stand now, Wyatt's claims are being batted back and forth between two circuits with differing views of how (and perhaps whether) he may be heard on the merits of his claim."[34] Sadly, under these circumstances, Wyatt cannot show that the Bureau of Prisons erred when it denied his administrative request for relief. The Court will not, therefore, permit him to proceed with this action for habeas corpus relief.[35]

Accordingly, based on the foregoing considerations, the Court enters the following orders:

**IT IS ORDERED** that Petitioner John M. Wyatt's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED WITH PREJUDICE.**

---

[33] *McNeal v. Martin*, 424 F. App'x 322, 323 (5th Cir. 2011) (citing *Kinder*, 222 F.3d at 213–14, and *Padilla*, 416 F.3d at 427).

[34] *Wyatt*, 672 F.3d at 524.

[35] *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*" (emphasis added)).

-13-

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**IT IS SO ORDERED**.

SIGNED on this _____27_____ day of February, 2015

*[signature]*

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE